MATHUES, U. S. Marshal, v. UNITED
STATES ex rel. MARO.

Circuit Court of Appeals, Third Circuit.
June 27, 1928.

No. 3818.

Criminal law ⊕⇒97(3)—Homicide committed on
American vessel tied to wharf in foreign port
held not "committed upon the high seas," as
respects court's jurisdiction (Pen. Code, § 272
[18 USCA § 451]).

Homicide committed by a seaman on American ship tied by cables to wharf in a foreign port *held* not "committed upon the high seas," within Penal Code, § 272 (18 USCA § 451), defining and prescribing punishments for homicide "committed upon the high seas," and District Court therefore had no jurisdiction to try him.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Petition for habeas corpus by the United States, on the relation of Joseph Maro, by his next friend and counsel, Adrian Bonnelly, against W. Frank Mathues, United States Marshal. From an order directing relator's discharge (21 F.[2d] 533), the United States Marshal appeals. Affirmed.

George W. Coles, U. S. Atty., and Claude O. Lanciano, Asst. U. S. Atty., both of Philadelphia, Pa., for appellant.

Adrian Bonnelly, of Philadelphia, Pa., and George Wolf, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On May 22, 1926, Joseph Maro was arrested on the charge of murder and manslaughter on the high seas. Later indictments therefor were found against him at the June session of the District Court for the Eastern District of Pennsylvania. That court, by reason of inability to procure attendance of witnesses, was unable to try him at the several terms following, and on February 27, 1927, Maro, who had meanwhile been in prison, petitioned the court on a writ of habeas corpus to discharge him, first, because, as he alleged, the District Court had no jurisdiction to try him; and, second, because a statute of Pennsylvania provided for the discharge of prisoners confined in jail who were not tried during the two succeeding terms of the court. On hearing, the court discharged him (21 F.[2d] 533), whereupon the United States took this appeal.

The facts, which are undisputed, are that Maro was a seaman on an American registered ship lying in the harbor of Leghorn, Italy. At the time of the alleged murder there was not sufficient tide to permit the ship being moored alongside the wharf, so she was attached thereto by long cables. While the vessel was in this position, Maro, in a fight with a seaman named Koontz, struck him on the head with a bottle, and by reason thereof the injured man was taken ashore to a Leghorn hospital. He remained there some two months, when he died, as is alleged, from the injuries so received.

Turning to the underlying question of the jurisdiction of the court, we note that, in pursuance of the constitutional provision enabling it to "define and punish felonies committed on the high seas," Congress by Act of April 30, 1790 (1 Stat. 112, 113), provided:

"If any person or persons shall commit upon the high seas, or in any river, haven, basin or bay, out of the jurisdiction of any particular state, murder, * * * every such offender shall be deemed, taken and adjudged to be a pirate and felon, and being thereof convicted, shall suffer death."

And the here pertinent part of this act was carried into section 272 of the Penal Code (18 USCA § 451) in the words "when committed upon the high seas." Therefore jurisdiction turns on the question: Was the alleged murder of Koontz by Maro "committed on the high seas"? After due consideration we are of opinion it was not. In determining what is meant by the words "high seas," as used in the statute and as applied to the facts of the present case, for each case must be determined on its own particular facts, we seek its meaning both in common speech and use and also in judicial opinions. As we view it, this vessel, when Maro struck Koontz, was neither in fact, legal construction, nor common understanding on the high seas. In so holding, and without discussing the many cases cited, all of which we have examined with care, we find ourselves in accord in principle with United States v. Wilson, 3 Blatchf. 435, 28 Fed. Cas. p. 718, No. 16,731, where it is said: "It appears to us very manifest that Congress * * * has in its criminal legislation, sedulously evinced the intention to use the term 'high seas' in its popular and natural sense, and in contradistinction to mere tidewaters flowing in ports, havens and basins."

Such holding makes it unnecessary to discuss the other questions urged, namely, the effect of the Pennsylvania statute and whether the death of Koontz, not on the ship but

on Italian soil, did not make the murder indictable where death occurred. Finding no error, the order of discharge on habeas corpus is affirmed.